## CLEMENTI VERDI vs. HUGH R. DONAHUE.

Third Judicial District, New Haven, January Term, 1917.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Preponderance of evidence has reference to its quality or superiority rather than to the number of witnesses who testify to a given fact or state of facts. Having so instructed the jury in the present case, the trial court added that the superior evidence was such as in the judgment of the jury was more likely to be in accord with the facts. *Held* that this additional remark was merely a different form of expression of the same idea, and could not have misled the jury.

Evidence of the conduct, admissions and declarations of a defendant subsequent to his alleged malicious prosecution of the plaintiff, is often admissible as tending to prove his motive in such prosecution. Accordingly, testimony that the defendant was instrumental in securing the plaintiff's discharge from employment upon two occasions following his arrest, is admissible as tending to prove malice upon his part in causing the arrest.

Claims of law for which no basis is laid in the record are not entitled to consideration.

The plaintiff offered evidence tending to prove that his arrest, prosecution and trial was caused solely by the defendant; and the trial court said to the jury that such action would make the defendant the instigator of the prosecution. *Held* that the defendant had no reason to complain of this statement.

In respect to damages the jury were told to consider the motive or intent of the defendant and whether his act was an honest mistake made in the performance of a public duty, or was maliciously and purposely done; that the law looked to the motive of one's acts and did not punish one who acted honestly, though mistakenly, as it did one who acted from design and maliciously. *Held* that this instruction, taken as a whole, was not objectionable.

Unless assigned among his reasons of appeal, an appellant is in no position to urge objections to the charge as grounds for a retrial.

The finding stated that substantial evidence was offered tending to prove that the defendant was instrumental in having the plaintiff prosecuted. *Held* that in the absence of the evidence this court could not say that such statement was incorrect.

An amendment of the complaint to conform to the plaintiff's evidence, gives the defendant no just cause of complaint if he is

afforded a full opportunity to introduce testimony bearing upon the subject-matter of the amendment.

The allowance of such an amendment falls within the discretion of the trial court, whose action will be reviewed on appeal only when it appears that such discretion has been abused.

Evidence of a party's character must be confined to his reputation, excluding particular facts and incidents which, although relevant, raise collateral issues and tend to unduly prolong the trial.

The defendant testified that the plaintiff followed him up in the street for the purpose of assaulting him. *Held* that in reply to this the plaintiff might be allowed to testify that his object in trying to see the defendant, his former employer, was to have an interview with him and obtain from him a certificate of good character.

Evidence is admissible to account for the absence of an important witness whom one of the parties would naturally call to the stand.

It is not reversible error for the trial court to exclude on cross-examination inquiries which are not related to any subject brought out on the direct examination.

The exclusion of evidence which is of no benefit to the party offering it cannot be harmful to him.

Argued January 19th—decided February 21st, 1917.

ACTION to recover damages for the alleged malicious prosecution of the plaintiff, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Wolfe, J.;* verdict and judgment for the plaintiff for $175 damages, and appeal by the defendant. *No error.*

*Charles S. Hamilton,* for the appellant (defendant).

*Robert J. Woodruff,* for the appellee (plaintiff).

RORABACK, J. The plaintiff in his complaint alleges that on October 13th, 1915, the defendant stated to James W. Callahan, a police officer of the city of New Haven, that the plaintiff had committed the crime of assault and battery upon him, and had abused him, and that the defendant requested the officer to arrest the plaintiff for this offence; that afterward the defend-

ant caused a complaint to be issued by the city attorney of New Haven, charging the plaintiff with a breach of the peace and with assaulting and striking the defendant; that the plaintiff was arrested upon this charge and brought before the City Court of New Haven; that the defendant appeared before the City Court of New Haven and charged the plaintiff with having committed the crime with which he was accused, and testified as a witness in this cause; that this charge was in fact false; that the plaintiff, in the trial before the City Court, was acquitted and discharged; that the defendant made this charge from motives which were malicious; and that there was no reasonable or probable cause for this contention. It was also alleged in the plaintiff's complaint that he had suffered $1,000 damages because of this prosecution.

The answer, in effect, denied all of the allegations as above stated.

The reasons of appeal are numerous. They criticise the action of the trial court in the charge as it was made, in its refusal to charge as requested, and in its rulings upon evidence.

The defendant complains of the charge as it relates to the burden of proof, in which the jury were told that a fair preponderance of the evidence did not "necessarily mean the number of witnesses who have testified to a given fact or state of facts, but rather that evidence which in your judgment is the superior evidence; that evidence which in your judgment is more likely to be in accord with the facts." That part of these instructions down to and including the words "superior evidence" was in harmony with the well-recognized rules upon this subject and correct. See 2 Words & Phrases (Second Series) p. 439. The words which follow, to wit, "that evidence which in your judgment is more likely to be in accord with the facts," is but a different

expression of the same idea. The general instructions of the court upon the question of the preponderance of evidence, when read together, were too plain to be mistaken, and the general tenor of the charge was such that it is apparent that the jury could not have been misled by the remarks of the court upon this part of the case.

The trial judge, in the discussion of the question of malice, stated to the jury, in effect, that the defendant's conduct in following up the plaintiff in his other employments subsequently obtained, and in attempting to secure, or in securing, his discharge from such employments or employment, should be considered for the purpose of determining whether the plaintiff had proved that in whatever the defendant might have done at the time in question he was actuated by malice, or whether his conduct was free from malice. In this there was no error. The record discloses that evidence was offered tending to show that upon two different occasions, after the plaintiff was arrested, the defendant was instrumental in securing his discharge.

Evidence of the conduct, admissions, and declarations of a defendant occurring after the time of the original proceeding may, in many cases, be given in evidence as tending to prove intent when the question of malice is involved. *Elwell* v. *Russell,* 71 Conn. 462, 465, 42 Atl. 862; 1 Greenleaf on Evidence (12th Ed.) § 53, p. 64; Stephen's Digest of Evidence, 20, 22; 8 Encyclopedia of Evidence, p. 370.

Two reasons of appeal are based upon the theory and claim that the court erred in instructing the jury that an action of malicious prosecution could be maintained when it appeared that the plaintiff was already arrested at the time when the defendant made the complaint to the attorney of the City of New Haven. The difficulty with this contention is that it is not supported by the record.

It appears that the plaintiff offered other evidence and claimed to have shown that the defendant alone brought about the arrest, prosecution and trial of the plaintiff in the City Court by which he was acquitted. In this connection, the trial court stated to the jury that such action upon the part of the defendant would make him the instigator of the prosecution. Of this the defendant has no reason to complain.

The only instructions upon the subject of damages, criticised by the defendant in his appeal, are those in which the jury were informed that "upon the question of damages you will consider the motive or intent that the defendant may have had in acting as he did, and whether such act on the part of the defendant was an honest mistake made in the performance of a public duty, or whether it was maliciously or purposely done." These instructions, taken alone, did not embody a clear and adequate statement of the law for the proper guidance of the jury upon the question of damages, but they do not stand alone upon this proposition. It appears that, immediately after the statements above quoted, the court went on to say that the law "usually looks to the motive of a man's acts and does not punish him who acts honestly though mistakenly, as it does him who acts designedly and maliciously." These remarks, when read together, are not objectionable.

It appears that the court, in instructing the jury upon the question of damages, also explained to them the elements of compensatory damages which they might consider. The court did not stop here in its remarks upon this branch of the case. It also explained at length the law relating to exemplary damages. What was said. upon the matter of compensatory and exemplary damages may not have been well guarded and strictly accurate, but it does not follow that a new trial should be granted, because the record discloses that no criti-

cism of the court's remarks relating to compensatory or exemplary damages was made in the reasons of appeal.

The defendant submitted fifteen requests to charge, which covered about seven pages of the record. Complaint is made that each of these requests was not complied with. The record discloses that fourteen of these requests were in substance complied with. The charge, as given, contained a correct statement of the law so far as it was necessary for the proper guidance of the jury under the issues and upon the claims made by the defendant in these requests.

The fourteenth request to charge was in no way referred to in the instructions that were given. The defendant, in this request, requested the court, in effect, to instruct the jury that there was no competent evidence from which the jury could find that the defendant instituted the criminal prosecution against the plaintiff. The assignment of error in this connection is clearly insufficient. The finding discloses that the plaintiff offered substantial evidence tending to prove that the defendant was the party who was instrumental in having the plaintiff prosecuted. We cannot say that such is not the fact, without the evidence, which is not before us.

The original complaint alleged that the defendant had instituted a malicious prosecution against the plaintiff by making a complaint to the city attorney of New Haven. It appears that after the plaintiff had put in all his evidence he made a motion to amend his complaint so that it would appear that the defendant instituted the malicious prosecution against the plaintiff through a police officer. The allowance of this amendment by the court below furnished no substantial ground for complaint on the part of the defendant. It appears that the defendant had ample opportunity to offer, and did offer, all his evidence bearing upon the

subject-matter of this amendment. *Lawton* v. *Herrick*, 83 Conn. 417, 420, 76 Atl. 986. The allowance of this amendment was within the discretion of the trial court. Its action will not be reviewed on appeal unless an abuse of such discretion is disclosed by the record. As we have seen, that does not appear in the present case. *Sherman's Sons Co.* v. *Industrial & Mfg. Co.*, 82 Conn. 479, 482, 74 Atl. 773.

The plaintiff called a witness who testified that the plaintiff's character was that of a peaceable and orderly man. The defendant, upon cross-examination of this witness, attempted to bring out the fact that he had heard that the plaintiff had given another man by the name of Burke a black eye. This question was properly excluded. Proof of character is confined to proof of reputation. Particular facts and circumstances which may tend to prove the reputation or confirm the statements of a witness regarding character are to be excluded. The reason for this rule is that courts are not inclined to mix up with the issue before it for trial, other issues as to collateral facts, which will prolong the trial and confuse the jury without being productive of any valuable results in the way of proof. If the court should go into an inquiry as to the commission of some particular act on the question of character, it must, in justice to both sides, extend the inquiry to as many other acts as either side may wish to prove. In fact, a single act would be of little weight in determining character, compared with many acts extending over a considerable part of a man's life. Courts cannot go into so minute an inquiry, and therefore reject this method of proof altogether as the safer way. McKelvey on Evidence (2d. Ed.) p. 207; *State* v. *Ferguson*, 71 Conn. 227, 232, 41 Atl. 769; *Holmes* v. *Jones*, 147 N. Y. 59, 68, 41 N. E. 409; *Gore* v. *Curtis*, 81 Me. 403, 17 Atl. 314.

The defendant claimed upon the trial that at the time

when the plaintiff assaulted or attempted to assault him the plaintiff had left his own home and followed him up the street for the purpose of assaulting him. The plaintiff, in reply to this evidence, was allowed to testify that his object in leaving his home and trying to see the defendant upon this occasion was to obtain a settlement of his account with the defendant, and also to obtain from him a certificate of good conduct. There was no error in the admission of this testimony. The plaintiff's conduct upon this occasion was material only in view of the cause for it. He knew best what that cause was, and was properly allowed to testify as to his motive in attempting to secure an interview with his former employer, the defendant in the present case. *State* v. *Lee,* 69 Conn. 186, 196, 197, 37 Atl. 75.

One reason of appeal relates to the admission of the plaintiff's testimony in which he stated that a certain person by the name of Nicola had gone to Italy, had been in the war, and that no one knew whether Nicola was dead or alive. The plaintiff, in this connection, also stated that this man, Nicola, so-called, was present at a certain interview which took place between the plaintiff and the defendant. This interview related to an important issue of fact in this case. Apparently the purpose of admitting this testimony was to give the plaintiff an opportunity to explain why Nicola was not called as a witness in the trial of the case in the court below. For such an object this evidence was admissible. The jury might have thought that it was significant that an important witness was not called by the plaintiff, and that his absence was not accounted for. *Steinert* v. *Whitcomb,* 84 Conn. 262, 267, 268, 79 Atl. 675; *Tetreault* v. *Connecticut Co.,* 81 Conn. 556, 558, 559, 71 Atl. 786; *State* v. *Hogan,* 67 Conn. 581, 584, 35 Atl. 508; *Throckmorton* v. *Chapman,* 65 Conn. 441, 454, 32 Atl. 930.

The plaintiff was asked by the defendant, upon cross-examination, whether, after he had been taken to the police station, one of the policemen did not make complaint that he had committed a breach of the peace in his presence. It cannot be said that the rejection of this testimony was reversible error, as the trial court has found that this question in no way related to any subject brought out in the direct examination. The general rule adopted by the American courts confines the cross-examination of a witness to such matters as have been gone into upon the direct examination. McKelvey on Evidence (2d Ed.) p. 408; *State* v. *Smith*, 49 Conn. 376, 380.

The exclusion of the evidence of one Eugene Sullivan, a witness called by the defendant, was not prejudicial error. The question asked of this witness by the defendant, whether the plaintiff made any threats against the defendant after the arrest, was answered by this witness in the negative. Such being the answer given, the defendant could not have been harmed by its exclusion.

There are several other assignments of error relating to rulings upon evidence. None of them are well founded.

There is no error.

In this opinion the other judges concurred.