STATE, Respondent v. McFALL, Appellant

(71 N. W.2d 299)

(File No. 9484.  Opinion filed July 13, 1955)

**Kirby, Simons, McDonnell & Kirby**, Sioux Falls, for Defendant and Appellant.

**Phil Saunders**, Atty. Gen., **George W. Wuest**, Asst. Atty. Gen., for Plaintiff and Respondent.

ROBERTS, J.   The defendant was convicted by the verdict of a jury in the Circuit Court of Minnehaha County under an information charging him with having committed on October 30, 1953, the crime of indecent molestation of a six-year old girl in violation of the provisions of SDC Supp. 13.1727 which provides : "Indecent molestation of a minor child shall be a felony and punishable by imprisonment in the South Dakota State Penitentiary for not more than twenty years; * * *.   Indecent molestation of a minor child shall mean any lewd or lascivious act or acts, deed or deeds, sign or signs, performance or performances, or conduct upon, or in the immediate vicinity of the person of a minor child under the age of fifteen years."   He was sentenced to imprisonment in the penitentiary for a term of fifteen years.

The offense is claimed to have been committed in the basement of the child's home.   Defendant and a helper were in and about the house throughout the afternoon of October 30, 1953, cleaning the furnace and the warm air ducts.   It is sufficient, without setting out the details of the alleged act of the accused, to say that the information stated facts which constituted an offense under the statute and that the girl upon whose person the offense is charged to have been committed positively testified to such facts.   Defendant emphatically denied the accusation against him and asserted that he at no time committed any of the acts to which the child testified.   Counsel for the defendant give their analysis of the evidence as supporting their argument that the evidence was inherently improbable and insufficient to sustain a conviction.   They contend that defendant's helper was in and out of the basement constantly and that defendant never knew when his helper or other persons in the house

might appear in the basement. The facts were for the jury to decide and this court on review will not disturb that finding unless it can say that the evidence as a matter of law is insufficient to justify the verdict. The jury evidently believed the testimony of the witnesses for the State and we are unable to say that the jury was not justified in returning the verdict of guilty.

■ A police officer identified a book of obscene drawings as having been found on November 20, 1953, in defendant's automobile. Claim of misconduct on the part of the special prosecutor is based upon the following questions put to the defendant:

"Q. Recognize that (referring to the book)? A. No, sir.

"Q. Never seen it before? A. No, sir.

"Q. Never been in your possession? A. Not to my knowledge.

"Q. Take a look at it. It wasn't in your car on October 30, 1953? A. Not to my knowledge.

"Q. You deny it was in there? A. Not to my knowledge it wasn't in there. * * *

"Q. Your memory has not been refreshed about this? A. No.

"Q. Could it have got into your car without your knowledge? A. Yes.

"Q. Somebody might have just thrown it in? A. Could be.

"Q. If it was in the dashboard compartment, do you think it could have gotten in there without your knowledge? A. Certainly. * * *

"Q. And do you deny this was in your car on or about the time you were arrested by the police? A. I don't know whether it was in there or not.

"Q. would you deny it was? A. Yes.

"Q. You deny it was ever in your car? A. Not to my knowledge."

At another point in the cross-examination of the defendant the special prosecutor holding a paper in his hand asked the following questions:

"Q. You ever been convicted of a felony? A. No, sir.

"Q. Do you recall being in or about LaFayette, Indiana, on April 16, 1936? A. Yes, sir.

"Q. You were there? A. Beg pardon?

"Q. You were around there? A. Yes, sir.

"Q. Ask you to check that (handing a paper to the witness). Your testimony is you have never been convicted of a felony. A. Yes, sir."

No objection was made or exception taken to these questions, and the court was not requested to caution the jury to disregard the questions and answers. When the book identified as Exhibit 15 was later offered in evidence, objection was promptly sustained. It appears too that the paper was not offered in evidence and neither was inspected by the jury. At the close of all the evidence, defendant moved for a mistrial on the ground of misconduct of counsel for the State. The argument is that the special prosecutor deliberately sought to arouse the passion and prejudice of the jury.

■ The Attorney General does not contend that the questions were proper, but says that the defendant should have objected and cannot now claim prejudicial error. If there was justification for the claim of misconduct on the part of the special prosecutor in asking these questions on cross-examination of defendant and in displaying the book and the paper in the manner indicated, it was incumbent upon the defendant to make timely objection and it was too late to make objection after both sides had rested. State v. Hanson, 56 S.D. 140, 227 N.W. 571; State v. Husman, 66 S.D. 530, 287 N.W. 30; State v. Christiansen, 46 S.D. 61, 190 N.W. 777. It is only when alleged misconduct of counsel is of such character that admonition by the court would not remove its effect that the absence of objection will not preclude the question being subsequently presented. State v. Williams, 11 S.D. 64, 75 N.W. 815; State v. Norman, 72 S.D. 168, 31 N.W.2d 258. But the record does not present such a situation.

■ The child's mother testified to a statement accusing the defendant made to her by the child in response to in-

quiries. The offense is alleged to have occurred as we have stated on October 30, 1953, and the statement to the mother was made on November 13, 1953. Present counsel, first appearing for defendant after denial of motion for new trial, contend that the child's statement was not a spontaneous utterance within the exception to the hearsay rule. "Under certain external circumstances of physical shock, a stress of nervous excitement may be produced which stills the reflective faculties and removes their control, so that the utterance which then occurs is a spontaneous and sincere response to the actual sensations and perceptions already produced by the external shock. Since this utterance is made under the immediate and uncontrolled domination of the senses, * * * the utterance may be taken as particularly trustworthy". Wigmore on Evidence, 3d Edition, § 1747; see also Hjermstad v. Petroleum Carriers, Inc., 74 S.D. 406, 53 N.W.2d 839. The mother testified without objection to the statement and its admission was not included among the grounds for new trial. The mother testified to the child's upset condition indicating that she was still under the influence of her experience. The testimony of the mother in this respect was as follows: "She was very upset, she wasn't sleeping well, she wasn't eating well. She seemed to have no vitality and would cry at the least little thing, and ordinarily she is not a weeping child. * * * I could not get her to say anything in front of the other children, so I sent them to play and kept her in the kitchen with me and kept asking her and reassuring her that there would be no punishment connected with whatever she had to tell me, and she started crying very hard and it was about forty-five minutes to an hour later that she finally began telling me and with a lot of sobbing and crying this story about what had happened in the basement. * * * She told me that it had happened a long time ago; it was a man come out to clean the furnace and he had exposed himself to her in the basement and had touched her, and told her she must not tell, because if she told she would get a beating. That was the word she used then. She asked me what a beating was, didn't know, and I told her it was probably a spanking." It may be observed that a statement need not be contemporaneous

with the act. Wigmore on Evidence, 3d Edition, § 1750. Where the victim is of an age as to render improbable that her utterance was deliberate and its effect premeditated the utterance need not be so nearly contemporaneous with the act as in the case of an older person. Beausoliel v. United States, 71 App.D.C. 111, 107 F.2d 292. We do not have the question whether this evidence if proper and timely objection had been made should have been excluded.

■ The argument of the defendant is that this court should not affirm a conviction in every instance because prejudicial error is pointed out for the first time on appeal. They contend an exception exists in criminal cases where the alleged error would result in manifest miscarriage of justice and deprive the accused of a fair and impartial trial according to law and the evidence.

There were other facts and circumstances tending to prove the guilt of the defendant and even if reception of the statement made to the mother might have been prejudicial in the absence of those facts and circumstances we do not think that defendant was deprived of a fair and impartial trial. We should not consider the testimony of the mother in isolation from other evidence. As already stated, the State had introduced the testimony of the child. Counsel for the defense first brought into evidence in cross-examining the child the fact that she had made disclosures to the mother. Without indicating a general rule applicable in all cases, defendant having initiated inquiry into the disclosures of the child to the mother is in no position to urge that he has not had a fair trial because the State without objection followed through and interrogated the mother regarding the same disclosures. Such cases as Brown v. United States, 80 U.S.App. D.C. 270, 152 F.2d 138, and Smith v. United States, D.C. Cir., 215 F.2d 682, relied on by defendant, are clearly distinguishable. The trial court deemed the victim in each of these cases disqualified because of age and excluded her testimony. The element of sponstaneity therein was entirely lacking and the hearsay testimony was the only evidence of guilt.

■ It is contended that the trial court committed error prejudicial to the substantial rights of the defendant in pass-

ing sentence upon him. The court before passing sentence made reference to Exhibit 15 which was not in evidence and it is insisted that the court was powerless to consider this exhibit in aggravation of punishment. It is admitted that the sentence imposed is within the permitted statutory limits. The sentence conforms to the statute and the discretion of the court in fixing the term within the statutory limits is not reviewable in this court. State v. Bjelkstrom, 20 S.D. 1, 104 N.W. 481. :

The record presented for review discloses no reversible error and the judgment is therefore affirmed.

All the Judges concur.