GILLESPIE, Presiding Justice.
Indicted for murdering his brother, Saul McDonald, Jr., was tried in the Circuit Court of Perry County and found guilty of manslaughter.
Appellant and deceased had been visiting various places and drinking prior to arriving at the Stardust Cafe about 2:00 A.M. on Sunday where they had an argument about a family matter. Both drew knives. The proprietor then ordered appellant out of the cafe and appellant returned in a short time with a shotgun. He walked over to the counter where deceased was eating and brought the shotgun down on the counter with enough force to splinter the stock and bend the barrel. The deceased dodged the blow but the gun struck the plate out of which he was eating. The deceased got up and started around the counter toward appellant when the gun, being held by appellant, discharged and fatally shot the deceased. Some of the witnesses stated that the deceased had a knife in his hand when he walked toward appellant. Others said he did not. Appellant testified he was not afraid of his brother. “I did not have any reason to be afraid of him.” He also testified, “I didn’t figure he was coming at me with the knife. I didn’t say he was coming at me with it.” At the time of the shooting, according to appellant, the proprietor of the Stardust Cafe was coming in with a pistol. Appellant’s defense was that he did not intend to kill his brother, that it was an accident. The evidence amply supports this verdict.
Appellant’s first proposition is that the trial court erred in declining to admit testimony offered by appellant that the deceased was a violent man and had a reputation for carrying a knife and for using it on various occasions. This argument is based on the further contention that appellant was relying on the defense of self defense. We are of the opinion that there is no merit in this argument for two reasons. First, his defense was that the fatal shooting was an accident, not self defense. He so testified and stated that he was not afraid of his brother and did not have any reason to be. Second, the testimony tendered by appellant involved specific acts of pulling knives on people, a part of which was admitted. The court allowed several witnesses to testify that deceased pulled a knife on them, but would not admit testimony involving other per *23 sons. As stated in Shinall v. State, 199 So.2d 251 (Miss.1967), testimony of antecedent specific acts of violence between deceased and third persons to a homicide are not admissible to show the bad reputation of deceased. No foundation was laid to qualify any so-called character witnesses. No attempt was made to prove the general reputation of deceased in the community in which he lived for the trait of violence.
The second proposition is based upon questions propounded by the district attorney to prospective jurors on voir dire. It is contended that the race issue was improperly injected into the case when the district attorney asked jurors whether the jurors had any different set of rules for colored people and for white, and whether the jurors would let the fact that appellant was a colored man enter into the case at all. Appellant cites no case in support of his contention that this was error. All parties involved in this case are Negroes, and we do not think the race issue was injected into the case or that the questions probably had any adverse effect on appellant’s case. The trial court has considerable discretion as to the questions permitted on voir dire examination of prospective jurors, and we are unable to say that the judge abused his discretion in this instance.
Appellant next argues that the district attorney was allowed to threaten and impeach his own witness and have his witness bound over to the grand jury, and that this was error. Willie Nelson Dorsey was a state witness and testified on direct that he did not see any knife in the hands of the deceased when he got up and started toward appellant immediately before he was shot. Upon cross-examination by appellant’s attorney Dorsey testified that deceased had a knife in his hand when he got off the stool. On re-direct the district attorney pleaded surprise and requested the right to cross-examine Dorsey. Before the court could rule on the request appellant’s attorney objected and stated that the district attorney walked fifteen feet across the floor with a mean look on his face pointing his finger at Dorsey in a threatening manner. The court then announced that he sustained the objection. The jury was then retired and while the jury was out the district attorney moved that the witness be bound over for perjury. Appellant’s attorney objected. The court stated that the witness had made two different statements about the same thing and the court heard him. He bound the witness over to the grand jury and instructed the sheriff to take him away. The witness had testified on direct, had been cross examined, and had testified further on re-direct. No one requested the right of further examination of the witness.
As to the alleged threats to the witness Dorsey, the court sustained appellant’s objection to the district attorney’s request to cross examine the witness. There was nothing further the court could rule upon. We could not predicate error on this occurrence. No mistrial was requested.
It is argued that the court erred in binding the witness Dorsey over to the grand jury and turning him over to the Sheriff. It is said that news of such occurrence would get to the witness room and appellant’s witnesses would be afraid to testify. There is not proof that this occurrence was known to other witnesses or that it affected their testimony. The judge did what he was authorized to do under Mississippi Code 1942 Annotated, Section 2479 (1956), when a witness testified in such a manner as to induce a reasonable presumption that he has wilfully and corruptly testified falsely to some material point or matter. We cannot say that the trial judge was not justified in binding the witness over to the grand jury. We are unable to say from this record that the trial judge acted without due circumspection or that he abused his discretion when he ordered the witness held for the grand jury.
We have carefully considered the other complaints about the cross examination of witnesses and find no reversible error.
*24 Upon consideration of the briefs and the earnest and able argument of counsel for appellant together with the entire record, we are of the opinion that the proof of guilt is ample and that the record does not reveal reversible error.
Affirmed.
RODGERS, JONES, BRADY, and IN-ZER, JJ., concur.