WILLIE LEE PERRY *v.* STATE OF ARKANSAS

CR 73-56                                         497 S.W. 2d 10

Opinion delivered July 16, 1973

· *Sam L. Anderson,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Charles A. Banks,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Willie Lee Perry was charged with murder in the second degree, was found guilty of that offense, and was sentenced to ten years imprisonment. We find no merit in his two points for reversal.

First, Perry's counsel, in seeking to prove self-defense by showing that the decedent was the aggressor, attempted to cross-examine police officers about the decedent's police record. That evidence was properly excluded, because it would at best have shown specific acts rather than general reputation. *Sanders* v. *State,* 245 Ark. 321, 432 S.W. 2d 467 (1968). Moreover, there was no proffer of proof, even though one of the officers had the record with him; so we have no way of knowing whether the record contained relevant information helpful to the accused. Consequently, if the record should prove to be inadmissible, as apparently it was, a retrial would be found to have been wholly unnecessary.

Secondly, it is contended that the trial court erred in failing to instruct the jury with respect to the lesser included offense of manslaughter. The burden was upon

counsel to request such an instruction. *Johnson* v. *State,* 214 Ark. 902, 218 S.W. 2d 687 (1949). No such request was made, doubtless for the reason that the defense, as a matter of strategy, elected to confine the jury to the choice between a finding of second degree murder and an acquittal. That gamble having failed, the defendant is not entitled to an opportunity to change his tactics at a second trial.

Affirmed.