## No. 26201

**The People of the State of Colorado v. Gonzalo Barrera Flores**

(539 P.2d 1236)

Decided August 5, 1975.

210

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, Robert C. Lehnert, Assistant, for plaintiff-appellee.

William A. Lloyd, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant was convicted of second-degree murder, and sentenced to a term in the penitentiary. Because the trial court committed error in refusing to allow the defense to present evidence that would have supported the defendant's assertion that the killing was in self-defense, the judgment must be reversed.

The defendant, his wife, and another couple attended a dance in Pueblo. The decedent, Jose Reyes, and his wife, were also present at the dance. At one point during the evening, the defendant asked the decedent to discuss a disputed debt. The defendant testified that while outside the building, he was struck in the face by the decedent.

Later in the evening, the defendant and the decedent encountered each other in the rest room. The defendant testified that the decedent attacked him with a knife; that he disarmed the decedent; that the decedent persisted in his aggressive attack; and that during the subsequent struggle, the defendant inflicted the fatal stab wounds in an effort to defend himself. One of the decedent's friends, who was in the rest room, testified that he neither heard nor witnessed the altercation. He simply turned around and discovered that the decedent had been cut.

On two separate occasions during the trial, the defendant tried to introduce evidence of an earlier incident when the decedent committed an

act of violence against a third person in the defendant's presence. This evidence was offered in support of the defendant's self-defense theory to establish his fear of the decedent, and his state of mind at the time of the stabbing.

As we view this case, it presents the same issue which was ruled upon in *People v. Burress*, 183 Colo. 146, 515 P.2d 460 (1973). In that case, we reversed a conviction of assault with a deadly weapon where the defendant was not allowed to present evidence of the prior violent conduct of the person assaulted.

Initially, we must point out that the evidence is not inadmissible as hearsay. The statements and evidence were not offered to prove the truth of the matter asserted, *i.e.*, that the prior assault by the decedent had actually occurred, but merely as a basis for the defendant's state of mind. *Isbell v. People*, 158 Colo. 126, 405 P.2d 744 (1965).

The general rule is that specific acts of violence by the victim of an assault are not admissible. However, as we explained in *Burress*, this rule is inapplicable in cases where the defendant contends that he acted in self-defense, and at the time of the victim's assault, the defendant was aware of the victim's prior acts of violence.

Here, the defendant wished to present testimony which would have established that the decedent assaulted his brother-in-law with an iron reinforcing bar, and that the defendant took this person to the hospital. The assault occurred in the presence of the defendant. The incident clearly fits within the exception to the general rule and therefore the trial court erred in excluding it.

The proper foundation for the introduction of such evidence is outlined in *Burress* as follows:

"The trial court is justified in excluding the specific act evidence until such time as the defendant establishes (1) that he was aware that the specific violent act took place and (2) that either the act occurred or the defendant became aware of its occurrence within a reasonable time of his use of force in self defense."

Clearly, there was a proper foundation for the testimony sought to be offered in this instance. The incident with the iron reinforcing bar occurred but a few months earlier, and in the presence of the defendant.

The other allegations of error presented by the defendant are without merit.

The judgment is reversed and the cause remanded for a new trial.