STATE of South Dakota, Plaintiff and Appellee,

v.

Alonzo O. PADGETT, Defendant and Appellant.

No. 12709.

Supreme Court of South Dakota.

Argued Jan. 23, 1980.

Decided April 30, 1980.

Kevin F. Manson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Kenn A. Pugh, Legal Intern, Pierre, Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Le Roy Lassegard, Mitchell, for defendant and appellant.

WOLLMAN, Chief Justice.

Appellant was charged with manslaughter in the first degree and was found guilty by a jury of second-degree manslaughter. He appeals from the judgment and sentence entered on the jury verdict.* We affirm.

On the night of July 9 and the early morning of July 10, 1978, the parties and witnesses to this incident had been drinking at the Portside Inn outside Chamberlain. All stayed until closing. They left in several vehicles and stopped on the road a few miles away from the Portside Inn. From the frequently conflicting and ambiguous testimony regarding the incidents leading up to the fight and the stabbing, it appears that witness Clint Pearson at one point told Mary Newman, a rider in his automobile, that if she had lost her billfold he would "kick [her] ass." Apparently believing the comment was intended for him, appellant, standing on the road nearby, asked Pearson, "Whose ass are you going to kick?" Pearson replied, "I wasn't talking to you," or words to that effect. The victim, John Ranum, also said to appellant, "Just don't hassle us. We are not causing any trouble," and "We didn't say anything to you." Appellant pressed the issue a few more times, whereupon Ranum left Pearson's car and

* Inexplicably, the sentence of the court recites that appellant had been charged with "Manslaughter—Second Degree," and that he had entered a plea of guilty to that charge.

approached appellant. A scuffle ensued during which Ranum got appellant around the neck or shoulders, apparently standing to appellant's left. Appellant then inflicted two knife wounds in Ranum, one about an inch or two long and four inches deep, the other twelve inches long and two to four inches deep.

There was evidence from which the jury could have found that appellant had his right hand free to inflict a powerful slashing blow with his pocket knife, one blade of which had been altered to allow it to fall open automatically and the other honed to a stiletto point. Prior to the incident Ranum and appellant were strangers to each other, and apparently there was no animosity between them.

Appellant's first contention is that the evidence does not establish beyond a reasonable doubt that appellant was not justified in using his knife to protect himself against a much larger assailant. Appellant is five feet, nine inches tall and weighs one hundred fifty pounds; Ranum was five feet, eleven inches tall and weighed two hundred pounds. Appellant contends that he had the right to use any means to free himself of the attack upon him by Ranum. Appellant argues that the fact that it took two strokes with the knife to repel the assault tends to show the intensity of Ranum's attack.

In *State v. Rash*, 359 Mo. 215, 221 S.W.2d 124, 126 (1949), the Supreme Court of Missouri said: " 'In resisting an assault a person is not required to determine with absolute certainty or nicely to gauge the amount of force necessary for that purpose, but the law does exact of him that he shall not use any more force than shall reasonably appear to him in the circumstances to be necessary for such purpose.' " (citation omitted). From the record it appears defendant did use considerably more force than was reasonably necessary to extricate himself from a situation that he himself had provoked.

In determining the sufficiency of the evidence on appeal, the only question is "whether or not there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilty beyond a reasonable doubt." *State v. Shank*, 88 S.D. 645, 650, 226 N.W.2d 384, 387 (1975). Because the killing was not disputed, only the issue of self-defense was left for the jury. "The evidence of the state, including the reasonable inferences which the jury was at liberty to draw from the circumstances presented," must be sufficient to justify the jury verdict. *State v. Bates*, 76 S.D. 23, 30, 71 N.W.2d 641, 645 (1955). A review of the record shows that there was sufficient evidence to support the jury's verdict. The court should not disturb that verdict on appeal. *State v. Bates*, supra.

Appellant's second contention is that he should have been permitted to introduce evidence other than reputation about the true nature of the victim. Appellant attempted to establish the fact of Ranum's alleged propensities toward violent behavior by introducing exhibits C, D, and E, respectively an arrest report, a 1972 committal proceeding ordering Ranum to the Human Services Center in Yankton, and a 1971 conviction on a charge of assault. The arrest report related to a 1977 incident in which Ranum was charged with intentionally preventing an officer from carrying out his official functions; the case was pending at the time of Ranum's death. The trial court found that the 1972 committal proceeding and 1971 assault conviction were too remote and that the pending charge lacked probative value.

It is the majority rule that evidence of specific acts of violence or quarrelsomeness on the part of a victim are not admissible on the issue of self-defense. See, e. g., *State v. Jacoby*, 260 N.W.2d 828 (Iowa 1977); *Perry v. State*, 254 Ark. 939, 497 S.W.2d 10 (1973); *People v. Adams*, 71 Ill. App.3d 70, 27 Ill.Dec. 277, 388 N.E.2d 1326 (1979); *State v. Maggitt*, 517 S.W.2d 105 (Mo.1974); *State v. Kimbrough*, 173 Neb. 873, 115 N.W.2d 422 (1962); *Broz v. State*, 4 Tenn.Cr.App. 457, 472 S.W.2d 907 (1971); Annot., 1 A.L.R.3d 571.

Some jurisdictions have modified this rule to permit evidence of specific acts of violence if they were known to the defendant. See, e. g., *People v. Flores*, 189 Colo. 209, 539 P.2d 1236 (1975); *People v. Miller*, 39 N.Y.2d 543, 384 N.Y.S.2d 741, 349 N.E.2d 841 (1976); *Com. v. Stewart*, 483 Pa. 176, 394 A.2d 968 (1978).

A few jurisdictions permit evidence of specific acts of violence, even if unknown to the defendant, to show that the victim was the aggressor. See, e. g., *United States v. Burks*, 470 F.2d 432 (D.C. Cir. 1972); *State v. Miranda*, 176 Conn. 107, 405 A.2d 622 (1978).

At least one jurisdiction admits specific acts of violence known to the defendant for the purpose of showing the defendant's state of mind but does not admit such evidence for the purpose of showing the victim's violent character. See *Werner v. State*, 66 Wis.2d 736, 226 N.W.2d 402 (1975); *McMorris v. State*, 58 Wis.2d 144, 205 N,W.2d 559 (1973).

■ Appellant has presented us with no persuasive authority that SDCL 19–12–4 (Rule 404(a) of the Federal Rules of Evidence) is not in accord with the majority rule that evidence of specific acts may not be used circumstantially to prove a victim's probable conduct on the occasion of the alleged crime, 2 D. Louisell and C. Mueller, Federal Evidence § 139, at 105 (1978), nor to corroborate a defendant's theory that he was acting out of a reasonable fear for his own safety and in the reasonable exercise of deadly force in resisting the victim's attack. Accordingly, we hold that the trial court did not err in excluding the proffered evidence.

■ Although on appeal he complains of prosecutorial misconduct during closing argument, appellant failed to object to any of the remarks that he now contends were improper. In *State v. Kindvall*, 86 S.D. 91, 98, 191 N.W.2d 289, 293 (1971), we stated that a "defendant on appeal may not complain of alleged misconduct by the prosecution in argument to the jury unless such remarks were objected to when made and

an admonition promptly requested." Appellant is therefore precluded from asserting as error the alleged improper comments by the state.

■ Appellant's final contention is that the ten-year sentence, the maximum provided by the statute, was unfair and discriminatory. In *State v. Robinson*, 87 S.D. 375, 382, 209 N.W.2d 374, 378 (1973), we stated: "It is well settled by this Court that a trial judge has broad discretion to fix a sentence within the limits outlined by the statute." If within statutory limits, such sentence is not reviewable by this court. *State v. Helm*, 287 N.W.2d 497 (S.D.1980); *State v. McFall*, 75 S.D. 630, 71 N.W.2d 299 (1955).

We have considered appellant's contention that the evidence did not warrant the giving of certain instructions and find it to be without merit.

The judgment is affirmed.

DUNN, MORGAN and FOSHEIM, JJ., concur.

HENDERSON, J., concurs in result.

HENDERSON, Justice (concurring in result).

I concur in the disposition of this case; but due to the position I have taken with respect to sentencing review, I cannot subscribe to the language contained therein that a sentence within statutory limits is not reviewable on appeal. *See State v. Ellefson*, 287 N.W.2d 493 (S.D.1980); *State v. Helm*, 287 N.W.2d 497 (S.D.1980) (dissenting opinion); and *State v. Coe*, 286 N.W.2d 340 (S.D.1979). The duration of this particular sentence, however, does not shock the conscience and reason of men generally and is not constitutionally offensive. With this noted exception, I therefore concur in the result and language of the majority opinion.