**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Loyd COFIELD, Defendant and Appellant.**

**No. 13931.**

Supreme Court of South Dakota.

Considered on Briefs March 25, 1983.

Decided July 18, 1984.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Jeffry L. Bloomberg, Lead, for defendant and appellant.

MORGAN, Justice.

A grand jury indicted defendant for first degree murder in the shooting death of his wife. SDCL 22-16-4. Pursuant to a plea agreement, the state filed an information alleging manslaughter in the first degree. SDCL 22-16-15. Defendant pleaded guilty to the charge and was sentenced to one hundred years in the state penitentiary. He appeals, alleging that the trial court abused its discretion by imposing a sentence that was excessive and disproportionate to the crime. Defendant's argument scrupulously avoids any Eighth Amendment challenge to the sentence on the grounds it was cruel and unusual. *Helm v. Solem,* — U.S. —, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

The felony occurred when defendant and his wife began an argument over a phone bill. Defendant was 41 years old and had been unemployed for some time. He was not drunk. The children were sent out of the house and the argument continued. Defendant left the house and returned with a .22 caliber, single-shot rifle from a pickup truck about 150 feet north of the house. He stood in the kitchen and shot his wife in the chest. She fell down between the kitchen and living room entrance. She was asking for help while he put another round into the rifle, stepped over her, and shot her a second time in the top of the head. Defendant then called the Sheriff's Office and asked for help, stating that he had shot his wife. The woman died.

■ Manslaughter in the first degree carries a maximum penalty of life imprisonment and a fine of up to $25,000.00. SDCL 22-6-1. As this court recently restated in *State v. Braun,* 351 N.W.2d 149 (S.D.1984):

[A] trial judge has broad discretion to fix a sentence within the limits outlined by statute. A sentence which is within the statutory limits is not reviewable on appeal unless it is so offensive as to shock the conscience. *State v. Antelope,* 304 N.W.2d 115 (S.D.1981); *State v. Curtis,* 298 N.W.2d 807 (S.D.1980); *State v. Padgett,* 291 N.W.2d 796 (S.D.1980).

■ Appellant's sentence does not shock the conscience of the court. Affirmed.

FOSHEIM, C.J., and WOLLMAN and DUNN, JJ., concur.

HENDERSON, J., concurs in result.

HENDERSON, Justice (concurring in result).

Although I concur in the results of this opinion as this sentence neither shocks my conscience nor is it disproportionate to the crime, I repudiate the holding in *State v. Braun,* 351 N.W.2d 149 (S.D.1984). Furthermore, *Helm,* as cited in the majority, the United States Supreme Court case which quoted with approval my dissent in *State v. Helm,* 287 N.W.2d 497, 499 (S.D. 1980) and essentially upheld it, has created a significant inroad into the South Dakota rule that "a sentence which is within the statutory limits is not reviewable on appeal unless it is so offensive as to shock the conscience of the court." I note that the sentencing judge included in his 100-year sentence and judgment "and the Penitentiary *shall* take all steps to get him psychiatric treatment." The Board of Charities and Corrections should follow through with such admonition.