STATE OF CONNECTICUT *v.* ANTWAN BYRD
(AC 33837)

Lavine, Robinson and Pellegrino, Js.

Argued April 18—officially released June 26, 2012

*Richard E. Condon, Jr.*, senior assistant public defender, for the appellant (defendant).

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Stacey Haupt*, assistant state's attorney, for the appellee (state).

PELLEGRINO, J. The defendant, Antwan Byrd, appeals from the judgment of conviction, rendered after a jury trial, of murder in violation of General Statutes § 53a-54a, criminal possession of a firearm in violation of General Statutes § 53a-217 and carrying a pistol without a permit in violation of General Statutes § 29-35. On appeal, the defendant claims that by excluding evidence of the victim's prior conviction for criminal possession of a pistol or revolver in violation of General Statutes § 53a-217c, the trial court denied the defendant his right to due process of law under the state and federal constitutions. We disagree and accordingly affirm the judgment of the trial court.

The record discloses the following facts and procedural history. On the evening of January 17, 2008, the defendant and the victim, Lavias Phillips, encountered one another on Bellevue Road near its intersection with Goffe Terrace in New Haven. An argument occurred between the two men, and they began fighting. The dispute escalated when one of them brandished a handgun. For approximately eight minutes, the defendant and the victim wrestled—first on their feet and then on the ground—for possession of the handgun. The defendant ultimately wrested control of the handgun from the victim. They then returned to their feet and continued to grapple with one another. The defendant then shot the victim. The victim remained on his feet for several more minutes and attempted to regain control of the handgun from the defendant. The defendant, however, maintained possession of the handgun and fled the scene as the victim collapsed on the pavement. The victim was taken to the hospital via ambulance and was pronounced dead shortly after arrival. Thereafter, the defendant was arrested and charged by substitute information with the aforementioned offenses.

During the trial, the defendant sought to present evidence establishing that he had acted in self-defense and that the victim, acting in a manner consistent with his violent character, initiated the physical altercation. Attempting to demonstrate the victim's propensity for violence, the defendant filed a motion in limine, dated November 18, 2009, to admit evidence of the victim's October 10, 2006 conviction of criminal possession of a pistol or revolver in violation of § 53a-217c. The circumstances surrounding the conviction of the victim under § 53a-217c are as follows. An acquaintance of the victim, Michael Bianchi, asked the victim if he could borrow $200. The victim explained that he did not have $200 but that he could lend Bianchi $150 and $50 worth of crack cocaine provided that Bianchi gave him collateral for the loan. Bianchi gave the victim a Smith & Wesson .38 caliber firearm that belonged to Bianchi's roommate, Charles Lestage, as collateral. Lestage reported the gun missing to the police, and thereafter, following a police investigation, the victim was arrested, charged and convicted under § 53a-217c. In denying the defendant's motion in limine, the court stated: "I do not find that it's a crime of violence. The mere possession of a handgun, particularly possession of a handgun where it's held solely as collateral . . . there's no evidence of an intent to use it, there's no evidence that the firearm was used, I don't find it to be a conviction of a crime of—of violence. So, for that reason, I'm not going to allow it."

After the presentation of evidence, the case was committed to the jury, which returned a verdict of guilty on all counts. The court rendered judgment in accordance with the jury's verdict and sentenced the defendant to a total effective term of forty-five years in prison. From that judgment, the defendant now appeals.

The defendant's sole claim on appeal is that the ruling of the court excluding evidence of the victim's conviction under § 53a-217c was improper because it denied

the defendant his right to present a defense in violation of his right to due process under the state and federal constitutions.[1] The defendant argues that the victim's conviction under § 53a-217c is a crime of violence and is therefore admissible as evidence of the victim's violent character on the issue of whether the victim was the initial aggressor in support of the defendant's self-defense claim. The defendant specifically asserts that the court improperly found that the circumstances underlying the victim's conviction under § 53a-217c did not constitute a crime of violence.[2] We disagree.

[1] The defendant's claim that the ruling of the court excluding certain evidence violated his right to due process under the state and federal constitutions is an evidentiary claim masquerading as a constitutional claim. See, e.g., *State* v. *Walker*, 215 Conn. 1, 5, 574 A.2d 188 (1990) ("the admissibility of evidence is a matter of state law and unless there is resultant denial of fundamental fairness or the denial of a specific constitutional right, no constitutional issue is involved" [internal quotation marks omitted]). The defendant has failed to cite a controlling case in which the refusal of a court to admit evidence of a victim's conviction of a crime on the basis that the crime was not of a violent nature, amounted to an error under the state or federal constitutions. Although the defendant frames his claim on appeal as one of constitutional magnitude, the defendant also acknowledges that the "trial court's ruling excluding the evidence is . . . reviewed under the abuse of discretion standard of review." We conclude that the defendant's claim does not implicate a constitutional right. Accordingly, we review the court's evidentiary ruling under the abuse of discretion standard. See *State* v. *Dehaney*, 261 Conn. 336, 354–55, 803 A.2d 267 (2002), cert. denied, 537 U.S. 1217, 123 S. Ct. 1318, 154 L. Ed. 2d 1070 (2003).

[2] The defendant also relies on *United States* v. *Dillard*, 214 F.3d 88, 97 (2d Cir. 2000), cert. denied, 532 U.S. 907, 121 S. Ct. 1232, 149 L. Ed. 2d 141 (2001), in support of his claim that the victim's conviction under § 53a-217c is a crime of violence. In that case, the United States Court of Appeals for the Second Circuit held that the crime of a felon in possession of a firearm in violation of 18 U.S.C. § 922 (g) (1) is a "crime of violence" as defined in 18 U.S.C. § 3156 (a) (4). The defendant's argument is unavailing. The definition of "crime of violence" contained in 18 U.S.C. § 3156 (a) (4) is part of the Bail Reform Act of 1984. See 18 U.S.C. § 3141 et seq. If a crime falls within the statutory definition of a "crime of violence," the act commands a special hearing in which a defendant will be detained if considered too dangerous to be released into society under precautionary conditions. See *United States* v. *Dillard*, supra, 90. Examining whether a crime is a "crime of violence" for purposes of determining if a special hearing is required under the act, is an entirely different analysis than determining whether a

"Consistent with the defendant's right fairly to inform the jury of facts material to the defense, [i]t has long been the law in this state that, in a homicide prosecution, an accused may introduce evidence of the violent, dangerous or turbulent character of the victim to show that the accused had reason to fear serious harm, after laying a proper foundation by adducing evidence that he acted in self-defense . . . . [T]he victim's violent character [can] be proved by reputation testimony, by opinion testimony, or by evidence of the deceased's convictions for crimes of violence . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Carter*, 228 Conn. 412, 422–23, 636 A.2d 821 (1994); see also Conn. Code Evid. § 4-4 (b) ("[i]n cases in which the accused in a homicide or criminal assault case may introduce evidence of the violent character of the victim, the victim's character may also be proved by evidence of the victim's conviction of a crime of violence"). "Notwithstanding this general rule of admissibility, [our Supreme Court has] held that the defendant is not authorized to introduce any and all convictions of

crime is a "crime of violence" under our code of evidence as it relates to establishing the violent nature of the victim.

We note, in addition, that even for purposes of the Bail Reform Act, a number of federal circuit courts have held that a felon in possession of a firearm is *not* a "crime of violence." See *United States* v. *Bowers*, 432 F.3d 518, 521 (3rd Cir. 2005); *United States* v. *Johnson*, 399 F.3d 1297, 1298 (11th Cir. 2005); *United States* v. *Lane*, 252 F.3d 905, 907 (7th Cir. 2001); *United States* v. *Singleton*, 182 F.3d 7, 27 (D.C. Cir. 1999). The split of authority makes the defendant's argument all the more tenuous.

Contrary to the defendant's position, this court must look to the "underlying facts and circumstances" of the crime in order to determine whether it is a violent crime for purposes of admissibility. *State* v. *Miranda*, 176 Conn. 107, 114–15, 405 A.2d 622 (1978). We are bound by the approach and cannot adopt the alternative analysis proffered by the defendant. See *State* v. *Brown*, 73 Conn. App. 751, 756, 809 A.2d 546 (2002) ("Our Supreme Court is the ultimate arbiter of the law in this state. We, as an intermediate appellate court, cannot reconsider the decisions of our highest court."); *State* v. *Rodriguez*, 63 Conn. App. 529, 532, 777 A.2d 704 ("we, as an intermediate appellate court, do not reevaluate Supreme Court decisions and are bound by those decisions"), cert. denied, 256 Conn. 936, 776 A.2d 1151 (2001).

crimes involving violence, no matter how petty, how remote in time, or how dissimilar in their nature to the facts of the alleged aggression. In each case the probative value of the evidence of certain convictions rests in the sound discretion of the trial court." (Internal quotation marks omitted.) *State* v. *Carter*, supra, 423.

In assessing the probative value of the evidence of certain convictions the court looks at the "underlying facts and circumstances" of the crime in order to determine whether the victim's convictions are "too remote in time or lacking elements of violence." *State* v. *Miranda*, 176 Conn. 107, 114–15, 405 A.2d 622 (1978). "[E]videntiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice." (Internal quotation marks omitted.) *State* v. *Dehaney*, 261 Conn. 336, 355, 803 A.2d 267 (2002), cert. denied, 537 U.S. 1217, 123 S. Ct. 1318, 154 L. Ed. 2d 1070 (2003).

In regard to the issue on appeal, the court reasonably could have found that the victim's conviction under § 53a-217c was not a crime of violence on the grounds that the victim possessed the gun solely as collateral and that he did not intend to use the gun in a violent manner. This fact intensive analysis is consistent with the approach of our Supreme Court. See *State* v. *Miranda*, supra, 176 Conn. 114–15. Accordingly, we conclude that the court did not abuse its discretion in excluding evidence of the victim's prior conviction.

The judgment is affirmed.

In this opinion the other judges concurred.