STATE OF CONNECTICUT *v.* SAMUEL J. VEAL
(12588)

PETERS, C. J., HEALEY, DANNEHY, CALLAHAN and HENDEL, Js.

Argued September 30—decision released November 18, 1986

*Kevin C. Connors,* special public defender, for the appellant (defendant).

*Bernadette Conway,* special deputy assistant state's attorney, with whom, on the brief, were *Susann E. Gill,*

deputy assistant state's attorney, and *Kevin McMahon,* assistant state's attorney, for the appellee (state).

PETERS, C. J. This appeal raises two evidentiary questions concerning the relationship between the victim and the defendant, Samuel J. Veal, who was charged with the crime of murder, in violation of General Statutes § 53a-54a.[1] The defendant was simultaneously charged with the crime of assault in the second degree with a firearm, in violation of General Statutes § 53a-60a (a),[2] but that charge has been resolved by a plea of nolo contendere. After a jury verdict of guilty on the count of murder, the trial court sentenced the

---

[1] "[General Statutes] Sec. 53a-54a. MURDER DEFINED. AFFIRMATIVE DEFENSES. EVIDENCE OF MENTAL CONDITION. CLASSIFICATION. (a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person or causes a suicide by force, duress or deception; except that in any prosecution under this subsection, it shall be an affirmative defense that the defendant . . . [acted] under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be, provided nothing contained in this subsection shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime.

"(b) Evidence that the defendant suffered from a mental disease, mental defect or other mental abnormality is admissible, in a prosecution under subsection (a), on the question of whether the defendant acted with intent to cause the death of another person.

"(c) Murder is punishable as a class A felony in accordance with subdivision (2) of section 53a-35a unless it is a capital felony."

[2] "[General Statutes] Sec. 53a-60a. ASSAULT IN THE SECOND DEGREE WITH A FIREARM: CLASS D FELONY: ONE YEAR NOT SUSPENDABLE. (a) A person is guilty of assault in the second degree with a firearm when he commits assault in the second degree as provided in section 53a-60, and in the commission of such offense he uses or is armed with and threatens the use of or displays or represents by his words or conduct that he possesses a pistol, revolver, machine gun, shotgun, rifle or other firearm. No person shall be found guilty of assault in the second degree and assault in the second degree with a firearm upon the same transaction but such person may be charged and prosecuted for both such offenses upon the same information."

defendant to imprisonment for sixty years. We find no error in the defendant's appeal of his murder conviction.

The jury could reasonably have found the following facts. During the evening of July 30, 1983, a number of people were sociably playing cards at a private home in Hartford. When additional visitors arrived around 11 p.m., the card game broke up and four of the visitors, the defendant, another man and two women, then left the house. As they were walking away from the house, the defendant, without visible provocation, fired a shot at one of the women, who had formerly been his girlfriend. After the victim fell to the ground, the defendant fired additional shots at her at close range. The victim died at St. Francis Hospital without ever having regained consciousness. In firing at the victim, the defendant also hit the other woman, who suffered a bullet wound in her arm.[3] The defendant fled from the scene of the crime but was apprehended later that evening by the Hartford police.

The defendant did not deny that he had fired the gunshots that led to the death of the victim but claimed that he lacked the specific intent required for a conviction of murder. In his appeal he does not challenge the sufficiency of the evidence in that regard but claims that the trial court erred: (1) in excluding evidence of violence on the part of the murder victim; and (2) in admitting evidence of threats of violence on his part against the murder victim.[4] On the record before us, we conclude that plenary review of these alleged evidentiary errors is not warranted.

---

[3] This gunshot wound gave rise to the charge of assault to which the defendant ultimately pleaded nolo contendere.

[4] A final claim of error alleging ineffective assistance of counsel was withdrawn at oral argument in light of our holding in State v. Leecan, 198 Conn. 517, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986).

## I

The defendant's first claim of error contests the propriety of the trial court's rulings that prevented him from introducing evidence concerning prior acts of violence by the murder victim and her general reputation for violence. This evidence was admissible, according to the defendant, because it was material and relevant to the defense of extreme emotional disturbance. That defense was before the court, the defendant claims, because the entire trial was about the defendant's mental state at the time he shot the victim. We are unpersuaded by the defendant's contention.

Although the trial court refused to admit evidence specifically addressed to the victim's alleged prior acts of violence or to her reputation for violence, there was considerable evidence at the trial about a stormy relationship of long standing between the defendant and the murder victim. The jury heard that they had lived together and had had a child together, but had never married. Defense counsel brought out that the defendant had previously accused the victim of improper activities with other men, and that the defendant and the deceased had "had fights" when they had lived together. At the scene of the crime, after the shooting, the defendant was heard to say, "Bitch, I finally got you. Bitch, I finally got you." The defendant admitted to the chief investigating officer, Detective James Pasquerell, that he had shot the victim because "he had just about had it with her." This detective also testified, however, that the defendant had told him that the victim had repeatedly beaten the defendant in the past. Furthermore, a knife was discovered in the victim's clothing when she was undressed at the hospital to which she was taken after the shooting.

At the trial, the defendant raised neither a claim of self-defense nor a claim of extreme emotional distur-

bance. Indeed, at the outset of the trial, defense counsel expressly informed the court that he was withdrawing a previously filed notice of claim of lack of criminal responsibility or existence of condition bearing on mental state. Later in the trial, in his offer of proof relating to the evidence whose exclusion is now assigned as error, the defendant suggested the availability of a defense of justification analogous to that involved in a battered spouse syndrome. The trial court, because of the absence of a claim of self-defense, relied on *State v. Miranda,* 176 Conn. 107, 114, 405 A.2d 622 (1978), to sustain the state's objection to the evidence that the defendant sought to introduce concerning the victim's past conduct and reputation. See *State v. Mason,* 186 Conn. 574, 580, 442 A.2d 1335 (1982); *State v. Gooch,* 186 Conn. 17, 24, 438 A.2d 867 (1982); *State v. Bember,* 183 Conn. 394, 399, 439 A.2d 387 (1981); *State v. De Santis,* 178 Conn. 534, 540, 423 A.2d 149 (1979). When the court immediately thereafter asked counsel for requests to charge, the defendant requested an instruction on the lesser included offense of manslaughter. That request, however, in no way alluded to the defense of extreme emotional disturbance; General Statutes § 53a-54a (a); but invoked instead the general provision of § 53a-45 (c),[5] under which "any person . . . held to answer for murder . . . may [be found] . . . guilty of homicide in a lesser degree than that charged." Acceding to the defendant's request to charge on manslaughter in the first degree as a lesser included offense, the trial court, in its instructions to the jury, accordingly made no reference to the defense of extreme emotional disturbance, and no exception was taken on this ground.

---

[5] "[General Statutes] Sec. 53a-45. MURDER: PENALTY; WAIVER OF JURY TRIAL; FINDING OF LESSER DEGREE. . . . (c) The court or jury before which any person indicted for murder or held to answer for murder after a hearing conducted in accordance with the provisions of section 54-46a is tried may find him guilty of homicide in a lesser degree than that charged."

On this state of the record, we are hard pressed to discern any trial court ruling on the issue the defendant has raised on appeal: the relevance and materiality of the proffered evidence to an implicit defense of extreme emotional disturbance. General Statutes § 53a-54a (a). It is true that we have held that the affirmative defense of extreme emotional disturbance does not require the filing of a formal notice or pleading. *State* v. *Asherman,* 193 Conn. 695, 731 n.10, 478 A.2d 227 (1984), cert. denied, 470 U.S. 1070, 105 S. Ct. 1749, 84 L. Ed. 2d 814 (1985); *State* v. *Marino,* 190 Conn. 639, 651 n.11, 462 A.2d 1021 (1983). We have never held, however, as the defendant now urges, that a trial court has a due process obligation to examine the evidence sua sponte to see whether it supports the existence of the mitigating circumstances contemplated by the defense of extreme emotional disturbance. On the contrary, we have previously concluded that a trial court has not deprived a defendant of a fundamental constitutional right and a fair trial by giving a jury instruction that, in the absence of a timely request or exception, omits any reference to an affirmative defense such as extreme emotional disturbance. *State* v. *Preyer,* 198 Conn. 190, 197–98 n.9, 502 A.2d 858 (1985); *State* v. *Jacobowitz,* 194 Conn. 408, 411–12, 480 A.2d 557 (1984). It would be anomalous, to say the least, to find a constitutional defect in an evidentiary ruling when we have found no constitutional defect in a jury instruction under similar circumstances. It would be especially anomalous to find such a constitutional failing when, as in this case, the defendant himself has expressly withdrawn at trial any claim relating to his mental condition. Absent a deprivation of the defendant's constitutional right to a fair trial, the defendant may not on appeal belatedly pursue an evidentiary claim that he failed to articulate clearly at trial. Practice Book

§ 288;[6] *State* v. *Torrence,* 196 Conn. 430, 434–35, 493 A.2d 865 (1985); *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973).

On the record in this case, we can discern no reviewable claim of unconstitutional impairment of the defendant's right to defend himself against the charge of murder. To the extent that the victim's past conduct was generally relevant to the defendant's state of mind at the time of the crime, considerable evidence at trial brought that conduct to the attention of the jury. The failure to admit specific evidence of the victim's alleged prior acts of violence and reputation for violence, when the defendant did not assert a defense of self-defense; see *State* v. *Miranda,* supra; does not give rise to a constitutional claim grounded in an unasserted defense of extreme emotional disturbance. We need not decide today whether a timely assertion, at trial, of the defense of extreme emotional disturbance would have entitled the defendant to present the evidence to which the state objected. See *State* v. *Casey,* 201 Conn. 174, 179–80, 513 A.2d 1183 (1986); *State* v. *Elliott,* 177 Conn. 1, 6–7, 411 A.2d 3 (1979).

## II

The defendant's alternate claim of error complains of a number of trial court rulings in which the court permitted the state to introduce testimony of the defendant's threats against the victim and of the victim's fear of the defendant. This evidence was introduced, of necessity, through the testimony of those in

[6] "[Practice Book] Sec. 288. OBJECTIONS TO EVIDENCE

"Whenever an objection to the admission of evidence is made, counsel shall state the grounds upon which it is claimed or upon which objection is made, succinctly and in such form as he desires it to go upon the record, before any discussion or argument is had. Argument upon such objection shall not be made by either party unless the court requests it and, if made, must be brief and to the point. An exception to the ruling must be taken in order to make it a ground of appeal."

whom the victim had confided. At trial, the defendant objected to this evidence on the grounds of relevance and prejudice. These grounds for objection have virtually been abandoned, and properly so. The defendant's appeal focuses instead on the claims that this evidence should not have been admitted because it constituted hearsay and violated his constitutional right to confront his accusers. The defendant has pursued this claim even though the record demonstrates that the trial court expressly inquired whether the defendant was making a hearsay objection and repeatedly was assured that hearsay was not an issue.

The defendant's common law claims require little discussion. We agree with the trial court that evidence of threats is relevant to issues of intent and motive, matters that were central to the trial of this case. *State* v. *Perry,* 195 Conn. 505, 521, 488 A.2d 1256 (1985); *State* v. *Falby,* 187 Conn. 6, 23, 444 A.2d 213 (1982). The trial court could reasonably have concluded that the probative value of this testimony outweighed its prejudicial tendency. *State* v. *Perry,* supra; *State* v. *Ibraimov,* 187 Conn. 348, 352, 446 A.2d 382 (1982). The defendant cannot prevail in his belated common law claim that the testimony should have been excluded as hearsay since obviously he failed in any manner to articulate this basis for his objections at trial. Practice Book § 288; *State* v. *Sinclair,* 197 Conn. 574, 580, 500 A.2d 539 (1985); *State* v. *Braman,* 191 Conn. 670, 684–85, 469 A.2d 760 (1983).

We are equally unpersuaded by the defendant's constitutional claims, which are premised on the argument that hearsay claims invoke the confrontation clauses of the federal and the state constitutions.[7] Alleging that

---

[7] The sixth amendment to the United States constitution and article first, § 8, of the Connecticut constitution provide in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."

the admission of the evidence of his threats against the victim violated his fundamental constitutional right to a fair trial, the defendant maintains that these constitutional violations are reviewable on appeal despite his failure to raise such claims at trial. In effect, the defendant seeks to "put a constitutional tag on a nonconstitutional claim." *State* v. *Vitale,* 197 Conn. 396, 403, 497 A.2d 956 (1985). We have only recently held, however, that hearsay claims do not automatically invoke constitutional rights to confrontation. *State* v. *McIntosh,* 199 Conn. 155, 162, 506 A.2d 104 (1986).

In the absence of a record demonstrating that the admission of the challenged testimony impaired the defendant's opportunity to obtain a fair trial, we decline to review this claim of error. *State* v. *Torrence,* supra; *State* v. *Evans,* supra. We note again that the trier of the facts heard other unchallenged evidence concerning the stormy relationship between the defendant and his victim. We reiterate that the defendant expressly abjured reliance on a hearsay objection at trial; cf. *State* v. *Jones,* 193 Conn. 70, 88–89, 475 A.2d 1087 (1984). We observe, finally, that the persuasiveness of the belated hearsay and confrontation claims is attenuated by the difficulty of clarifying, after the fact, whether this evidence was offered to establish the truth of the matter asserted therein or to demonstrate the state of mind of the victim. See *State* v. *McIntosh,* supra, 162–63; *Kukanskis* v. *Jasut,* 169 Conn. 29, 36–37, 362 A.2d 898 (1975).

There is no error.

In this opinion the other justices concurred.