STATE OF CONNECTICUT *v.* MICHAEL DALEY
(5217)

HULL, BORDEN and BIELUCH, Js.

Argued May 5—decision released June 9, 1987

*Timothy C. Moynahan,* with whom, on the brief, were
*Charles E. Oman* and *Cynthia J. Clancy,* certified legal
intern, for the appellant (defendant).

*Marcia B. Smith,* assistant state's attorney, with
whom, on the brief, was *John A. Connelly,* state's attor-
ney, for the appellee (state).

BORDEN, J. The defendant appeals from the judg-
ment of conviction, after a jury trial, of sexual assault
in the first degree in violation of General Statutes
§ 53a-70, sexual assault in the second degree in viola-
tion of General Statutes § 53a-71 (a) (1), sexual assault
in the third degree in violation of General Statutes
§ 53a-72a (a) (2), and risk of injury to a minor in viola-

tion of General Statutes § 53-21. The dispositive issue is whether the admission of evidence, without objection by the defendant, under the constancy of accusation doctrine is reviewable under *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973). We conclude that it is not, and we find no error.

The victim was the defendant's twelve year old daughter. She testified to a series of sexual assaults committed upon her by the defendant which took place on an afternoon in June, 1985. After her testimony, the victim's school principal and the investigating police officer both testified, without objection by the defendant, to the victim's statements to them describing the sexual assaults.

The defendant's sole claim on appeal is that the admission of the testimony of the school principal and the police officer went beyond the scope of the complainant's testimony with respect to the details of the assault in violation of his fundamental constitutional right to a conviction upon proper evidence by an impartial jury. We agree with the state that this claim is not reviewable.[1]

Evidence of constancy of accusation is admissible in a sexual assault case. *State* v. *Dabkowski,* 199 Conn. 193, 197, 506 A.2d 118 (1986). We need not resolve the question, suggested by the defendant and by Professors Tait and LaPlante, of whether constancy of accusation evidence is substantive evidence of guilt admissible under an exception to the hearsay rule, or is simply evidence corroborative of the victim's testimony analogous to a prior consistent statement and relevant only to her credibility. See C. Tait & J.

---

[1] Indeed, the defendant has presented no analysis suggesting why his claim is reviewable under *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973).

LaPlante, Connecticut Evidence (1986 Sup.) § 11.22, pp. 173–75.[2] If the evidence is hearsay introduced as substantive evidence, that status alone is insufficient to establish that its admission amounts to a constitutional violation. "[H]earsay claims do not automatically invoke constitutional rights to confrontation." *State* v. *Veal,* 201 Conn. 368, 376, 517 A.2d 615 (1986). If it is simply corroborative evidence admitted only on the issue of the victim's credibility, we fail to see a fundamental constitutional violation in its admission into evidence, and the defendant has failed to persuade us that one exists. The defendant's claim seeks to tag a nonconstitutional claim with a constitutional label. *State* v. *Veal,* supra, 376.

There is no error.

In this opinion the other judges concurred.

---

[2] We note that, although our Supreme Court in *State* v. *Dabkowski,* 199 Conn. 193, 506 A.2d 118 (1986), referred to the constancy of accusation doctrine as an "exception to the hearsay rule"; id., 197; it also explained that such evidence is admissible " ' "in order to corroborate [the victim's] testimony." ' " Id., 199. Professors Colin Tait and Joseph LaPlante have, with some accuracy, pointed out the inconsistency between these two statements. See C. Tait & J. LaPlante, Connecticut Evidence (1986 Sup.) § 11.22, pp. 173–75.