STATE OF CONNECTICUT *v.* CHRISTOPHER P. BRUENS
(7235)

BORDEN, O'CONNELL and STOUGHTON, Js.

Argued January 3—decision released May 23, 1989

*Carl D. Eisenman,* public defender, for the appellant (defendant).

*Mitchell S. Brody,* deputy assistant state's attorney, with whom, on the brief, was *Frank S. Maco,* state's attorney, for the appellant (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of sexual assault in the fourth degree, in violation of General Statutes § 53a-73a, and risk of injury to a minor, in violation of General Statutes § 53-21. The defendant claims that the court erred in admitting the testimony of the victim's mother concerning a statement made by the victim. We find no error.

The jury could reasonably have found the following facts. On August 4, 1987, sometime between 8 p.m. and 9:30 p.m., the defendant visited his cousin and her three and one-half year old daughter at their home. Shortly after the defendant arrived, the child's mother went into the bathroom leaving the defendant and her daughter in the kitchen together. Upon returning several minutes later, she found her daughter under the table. The child's head was hanging, her hands were held up to her face and her legs were spread apart. The defendant was beside the table with one hand inside the child's shorts in her genital area. The mother yelled at the defendant and told him to leave. She immediately picked up the child and hugged her. While she was doing so, the child stated that the defendant "put his finger up her pookie and hiney."

At trial, neither party called the child as a witness. As part of the state's case, the victim's mother testified as to the victim's statement. The defendant did not object. On appeal, however, he claims that the statement was inadmissible as hearsay and warrants our review under *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), because its admission violated his constitutional right of confrontation and to a fair trial under the state and federal constitutions.[1]

---

[1] He bases his claim on the sixth amendment to the United States constitution and article first of the Connecticut constitution. The defendant, however, does not advance a separate argument under the state constitution. Therefore, we will consider only his federal claim. *State* v. *Hall,* 17 Conn. App. 502, 505 n.1, 554 A.2d 746 (1989).

Here, we have not only a failure to take an exception, but the more basic circumstance of a failure to object to the admission of evidence. Thus, a question arises as to whether the lack of objection was through oversight or negligence or whether it was a matter of trial tactics. " ' "Only in most exceptional circumstances can and will this court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court." *State* v. *Evans,* [supra, 69]. "The policy behind this rule is both ancient and sound and 'does not permit a defendant in a criminal case to fail, whether from a mistake of law, inattention or design, to object to matters occurring during a trial until it is too late for them to be corrected or even considered and then, if the outcome proves unsatisfactory, to raise them for the first time on an appeal.' . . ." ' In this case, we undertake a review for the limited purpose of determining whether there has been an infringement of a constitutional right." (Citations omitted.) *State* v. *Stevenson,* 198 Conn. 560, 567–68, 504 A.2d 1029 (1986).

This court will undertake a limited review of unpreserved claims where the record adequately demonstrates that a constitutional right is implicated. *State* v. *Bailey,* 209 Conn. 322, 329–30 n.4, 551 A.2d 1206 (1988). A hearsay claim, however, does not automatically invoke a constitutional right to confrontation. *State* v. *Veal,* 201 Conn. 368, 376, 517 A.2d 615 (1986); *State* v. *Daley,* 11 Conn. App. 236, 238, 526 A.2d 560 (1987). Claims involving out of court statements that fall within a firmly rooted hearsay exception are sufficiently reliable and raise an evidentiary, rather than constitutional issue. *State* v. *Wood,* 208 Conn. 125, 135, 545 A.2d 1026, cert. denied, 488 U.S. 895, 109 S. Ct. 235, 107 L. Ed. 2d 225 (1988). Thus, they are not entitled to *Evans* review. *State* v. *Smith,* 209 Conn. 423, 426, 551 A.2d 742 (1988).

The defendant argues that his claim rises to constitutional magnitude because the state offered the contested statement under the constancy of accusation exception to the hearsay rule but failed to meet the exception's requirement that the victim testify. See *State* v. *Dabkowski,* 199 Conn. 193, 199, 506 A.2d 118 (1986); C. Tait & J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 11.22, p. 408. Contrary to this argument, the state claims that the statement was properly offered under the excited utterance exception which does not require the victim to testify. See *State* v. *Yednock,* 14 Conn. App. 333, 346, 541 A.2d 887 (1988); C. Tait & J. LaPlante, supra, § 11.11.1, p. 373.

We need not determine whether the constancy of accusation or the excited utterance exception applied in this case because both are firmly rooted hearsay exceptions. Thus, even if the defendant had objected to the statement at trial, any ruling made by the court would have invoked evidentiary rather than constitutional principles. Without a proper objection, this court is precluded from reviewing his evidentiary claim. *State* v. *Smith,* supra.

There is no error.

In this opinion STOUGHTON, J., concurred.

BORDEN, J., concurring. I agree with the majority. I write separately, however, to express my view that it is clear from this record that, had an objection been interposed at trial, the state's response would have been based solely on the excited utterance exception to the hearsay rule; the. constancy of accusation exception was plainly inapplicable because the victim had not yet testified and, in fact, never testified in the case. Thus, the defendant's entire argument on appeal regarding constancy of accusation constitutes the classic "straw man." Not only did he not object at trial; he claims error

on appeal on the basis of an argument that has no roots whatsoever in the record. This does not even amount to a minimal pass at compliance with the requirements of *Evans* review.