STATE OF CONNECTICUT *v.* RICHARD A. HARRIS
(7088)

O'CONNELL, NORCOTT and FOTI, Js.

Submitted on briefs May 17—decision released July 18, 1989

*John F. Kavanewsky, Jr.,* filed a brief for the appellant (defendant).

*Vincent J. Dooley,* deputy assistant state's attorney, *Michael Dearington,* state's attorney, and *Gerald F. Esposito,* assistant state's attorney, filed a brief for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, after a jury trial, of assault in the first degree in violation of General Statutes § 53a-59 (a) (1). He claims that the trial court erred (1) in improperly restricting his cross-examination of a state's witness, (2) in refusing to admit evidence of a prior aggressive act of the victim, and (3) in taking improper information into consideration at the time of sentencing. We find no error.

The record shows that on February 11, 1988, the defendant was on trial for assault in the first degree in violation of General Statutes § 53a-59 (a) (1). The victim's brother, Wilber Brown, was called as a state's witness. Following his direct testimony and after extensive cross-examination on the details of his direct examination, he was dismissed. After an off the record conference, the court permitted the defendant to recall the witness and to resume cross-examination for the purpose of introducing his prior felony record for impeachment purposes. Because of certain discrepancies in that record, court was adjourned until February 16, 1988, to allow the state an opportunity to obtain Brown's correct criminal record. At the time of the adjournment, Brown was instructed to return to court at noon on February 16. He did not appear at that time and the state proceeded with other evidence. When he returned to court the following day, he testified that this disobedience of the order to return at noon on February 16 was wilful. He also testified that he had two robbery convictions but the court sustained an objection to the defendant's question as to whether he was on probation for these convictions.

# I

The defendant first claims that the court erred in refusing to permit him to impeach Brown by showing that he was on probation and that his wilful failure to reappear in court may have inspired a fear that he would be charged with a violation of that probation. The defendant argues that this limitation on his cross-examination violated his right of confrontation under the sixth amendment to the United States constitution.[1] He contends that the possibility of a probation violation might have motivated Brown to testify adversely to the defendant. We agree that the sixth amendment right of confrontation includes the opportunity to cross-examine concerning a witness' motive, interest, bias and prejudice. *State* v. *Monteeth,* 208 Conn. 202, 209, 544 A.2d 1199 (1988). It is well recognized that an important function of cross-examination is to expose a witness' possible motivation in testifying. Id.

" 'A claim of undue restriction on cross-examination ordinarily involves a two-pronged analysis: (1) whether the constitutional standard has been met; and if so, (2) whether the court nonetheless abused its discretion' "; *State* v. *Chapman,* 16 Conn. App. 38, 46, 546 A.2d 929 (1988), quoting *State* v. *Diorio,* 12 Conn. App. 74, 76, 529 A.2d 1320, cert. denied, 205 Conn. 813, 532 A.2d 587 (1987), cert. denied, 484 U.S. 1065, 108 S. Ct. 1025, 98 L. Ed. 2d 990 (1988). The first prong has been satisfied when the defendant has been permitted to reveal facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences

---

[1] The defendant also bases this claim on a violation of the Connecticut constitution. He does not, however, offer any separate analysis for his argument of a state constitutional violation. Accordingly, we will consider only his federal claim. *State* v. *Bruens,* 18 Conn. App. 459, 460 n.1, 557 A.2d 1290 (1989).

relating to the witness' reliability. *State* v. *Jones,* 205 Conn. 638, 669, 534 A.2d 1199 (1987); *State* v. *Chapman,* supra.

A review of the record in the present case discloses extensive cross-examination by the defendant revealing, inter alia, that the witness was the victim's brother, that he had been convicted of robbery twice, that each robbery involved use of a gun and that he had wilfully disobeyed the court's order to return to court. The only restriction imposed related to whether the witness was on probation. Accordingly, the defendant was permitted to expose facts to the jury from which it could properly draw inferences relating to the reliability of the witness. *State* v. *Chapman,* supra, 46–47. We conclude that the first prong has been satisfied.

Turning to the second prong, " '[w]hen the right to cross-examine to demonstrate bias, motive or prejudice is not altogether denied, the scope and extent of cross-examination rests in the court's discretion.' " Id., 47, quoting *State* v. *Diorio,* supra, 77. The defendant argues that the witness's disobedience of the court's order could expose him to being found in contempt of court which could trigger a violation of probation charge. These are speculative and collateral matters and inquiry into them was clearly within the trial court's discretion. Thus, we conclude that under the circumstances of this case, the trial court did not abuse that discretion in refusing to allow cross-examination on the witness's probationary status.

II

The defendant next claims that the trial court erred in refusing to allow him to establish that the victim was the aggressor by introducing evidence of a similar act of violence by the victim. Several witnesses related the victim's predisposition to aggression. Following that testimony, the defendant attempted to introduce evi-

dence of a prior unrelated incident in which the victim is alleged to have used a shotgun to resolve a dispute.

It is well settled that in an assault case, *when the defendant has claimed self-defense,* the victim's violent character may not be established by evidence of specific acts. *State* v. *Webley,* 17 Conn. App. 200, 206, 551 A.2d 428 (1988). In the present case, however, the defendant did not claim that he was acting in self-defense when he shot the victim. Because such a claim is a necessary predicate to introducing evidence of any type concerning the victim's alleged propensity for violence, we are satisfied that the trial court did not abuse its discretion in excluding evidence of a prior specific act.

## III

The defendant's final claim is that the trial court erred in considering pending charges against him for similar offenses when it sentenced him. It is a fundamental appellate principle that a claim of error is not reviewable unless it is distinctly raised in the trial court. Practice Book § 4185. Two recognized exceptions to this principle are the exceptional circumstances doctrine of *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), and the plain error rule of Practice Book § 4185. The defendant does not seek review under either of these exceptions. Thus, under the facts of this case, we decline to address the merits of this claim. *State* v. *Maisonet,* 16 Conn. App. 89, 97, 546 A.2d 951, cert. denied, 209 Conn. 816, 550 A.2d 1086 (1988), cert. denied, 489 U.S. 1014, 109 S. Ct. 1127, 103 L. Ed. 2d 189 (1989).

There is no error.

In this opinion the other judges concurred.