[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition requesting habeas corpus relief from a judgment of conviction, after a jury trial, of risk of injury to a minor, in violation of Connecticut General Statutes Section 53-21, and sexual assault fourth CT Page 6219-x degree, in violation of Connecticut General Statutes Section53a-73a.
The sole ground advanced by the petitioner at the habeas hearing to justify the relief sought, is that his trial attorney, William E. Suddaby, rendered ineffective assistance at the jury trial by failing to object to certain testimony regarding an out-of-court statement made by the child-victim to her mother, the complainant. This statement implicated the petitioner with respect to the sexual contact alleged. The petitioner appealled [appealed] his conviction which was affirmed by the Appellate Court, State v. Bruens, 18 Conn. App. 459
(1989).
The victim, a three and one-half year old girl, never testified at the petitioner's trial. Her mother testified that, while the petitioner was a visitor at her home, she left the petitioner and her daughter in her kitchen while she went to use a bathroom (Petitioner's Exhibit A-1, p. 24). Upon returning to the kitchen several minutes later, she observed her daughter under the table with her head hanging; CT Page 6219-y her hands covering her face; her legs spread apart; and the petitioner's hand inside her daughter's shorts in her genital area (Petitioner's Exhibit A-1, pp. 24 through 29). The complainant yelled at the petitioner and ordered him to leave her home (Petitioner's Exhibit A-1, p. 31). She then picked up and hugged her child, and while being hugged, her daughter told her that the petitioner "put his finger up her pookie and hiney" (Petitioner's Exhibit A-1, p. 32).
Attorney Suddaby made no objection to the admission of this statement despite its hearsay nature (Petitioner's Exhibit A-1, p. 32). On appeal, the Appellate Court refused to consider the petitioner's claim of inadmissibility of this statement because no objection had been made at trial, Ibid, pp. 461 and 462.
At the habeas hearing, Attorney Suddaby testified that the decision not to object was an intentional one premised on tactical considerations. He testified that he discussed this decision with the petitioner at the time of trial and explained his reasons for taking this course to the petitioner. CT Page 6219-z
He testified that one of the reasons for declining to object was to avoid inviting the prosecution to call the child to testify concerning the matter. His attorney felt the complainant's credibility was assailable because the petitioner had cut off her supply of marijuana and had diverted his affections away from the complainant to another woman. By allowing the child's statement to come into evidence through her mother, the attorney might be able to make the trial a swearing contest between the petitioner and the complainant whom he hoped to portray as a woman scorned and bent on revenge.
This strategy might be undermined, however, if the prosecution were forced to call the child to testify in person. Because the child had been interviewed by law enforcement and hospital personnel, (Petitioner's Exhibit A-1, pp. 51 through 54), as well as the prosecutor, Attorney Suddaby expected that the child's testimony would be unfavorable to his client. He might encounter difficulty trying to transfer the mother's motivation to lie to the CT Page 6219-aa child in the eyes of the jury.
Also, Attorney Suddaby felt that the statement was probably admissible under the spontaneous utterance exception to the hearsay rule in any event.
Neither party produced expert testimony regarding applicable professional standards except for the testimony of Attorney Suddaby himself.
The court finds that Attorney Suddaby's decision not to object to the child's statement was deliberate and not the result of oversight. The petitioner's habeas counsel conceded as much during oral argument, and Attorney Suddaby's testimony that he discussed this decision with the petitioner at the time of trial was unrebutted.
Rather, the petitioner attacks the professional wisdom of employing such a tactic. The petitioner asserts that his trial attorney's decision to decline to object to the out-of-court statement deprived him of his right to the CT Page 6219-bb effective assistance of counsel. There are two components to such a claim, Johnson v. Commissioner, 213 Conn. 403, (1991), p. 424. The petitioner must demonstrate, by a preponderance of the evidence, both that his attorney's performance was deficient and that such substandard representation prejudiced his defense, Ibid. The court concludes that the petitioner has satisfied neither component.
As noted above, no expert testimony, except that of trial counsel, concerning professional norms or standards regarding declining to object to a child-victim's out-of-court statement in a sexual contact case was adduced at the habeas hearing. The petitioner's position, as stated in oral argument and, by implication, at p. 9 of the petitioner's trial brief, is that it is never a sound trial tactic to allow the out-of-court statement of an alleged sexual assault victim, which implicates a defendant, to go before a jury without attempting to compel the in-court testimony of that victim also.
The burden is on the petitioner to demonstrate that his CT Page 6219-cc attorney's decision in this regard fell below an objective standard of reasonableness as measured by prevailing professional norms, Quintana v. Warden, 220 Conn. 1 (1991), p. 5. Judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, Ibid.
In the present case, the theory of defense was that the complainant's resentment toward the petitioner caused her to fabricate her version of what occurred. There was no contention that the child harbored any resentment toward the petitioner. It would compound the defense task if it had to discredit the testimony of both the complainant and her daughter. Without the testimony of the child, the defense could contend that the complainant was lying about the incident and the out-of-court statement. If the child testified and corroborated the complainant's version the defense would be compromised.
Another reason to avoid requiring the child to recount the details is that she may very well have done just that, CT Page 6219-dd and done so in a matter as to arouse the sympathy of the jury for a young child and their anger against the petitioner. By allowing the out-of-court statement to reach the jury only through the medium of a third party, some of the potential for such arousal of emotion may have been dissipated.
The petitioner argues that the child might have exonerated the petitioner if she testified. Such an assertion amounts to pure speculation especially in light of the fact that the child had been interviewed by law enforcement and medical personnel in preparation for obtaining an arrest warrant (Petitioner's Exhibit A-1 pp. 51 through 54). Viewing the situation from Attorney Suddaby's position at the time of trial, a reasonable assumption would have been that the child would likely testify detrimentally to the petitioner. Such testimony, coming from a young child, could have been devastating to the defense. A decision not to force the prosecution to call for the in-court testimony of the child appears to fall "within the wide range of reasonable professional assistance, Strickland v. Washington,466 U.S. 668 (1984), p. 689, under the circumstances of this case. CT Page 6219-ee
Other cases have supported similar decisions by trial counsel. In Ellis v. Oklahoma, 428 F. Sup. 254 (W.D. Okla. 1976), trial counsel decided to bypass cross-examination of a doctor who examined the corpse in a murder case. Counsel voiced no objection to the introduction of the doctor's autopsy report. The U.S. District Court, which heard the habeas claim, found that the recounting of the gruesome details by means of live testimony was not necessarily in a defendant's best interest, Ibid, p. 255. "Under the circumstances counsel's decision to minimize jury exposure to this evidence appears to have been wise," Ibid. Likewise, in the instant case, Attorney Suddaby's decision minimized the jury's exposure to the details of the alleged sexual contact.
Examples of other habeas corpus cases which have recognized that not objecting to the admission of possibly inadmissible or illegally obtained evidence is not, per se, a manifestation of negligence or incompetence but rather the exercise of sound discretion and prudent trial strategy are U.S. v. Stephens, 609 F.2d 230 (CA5 1980), pp. 232 and 233; CT Page 6219-ff Cornitcher v. Rundle, 285 F. Sup. 625 (E.D. Pa. 1968), p. 627; and Burke v. Langlois, 244 A.2d 593 (R.I. 1968), p. 597.
A very instructive case in this area is Lovett v. Foltz,687 F. Sup. 1126 (E.D. Mich. 1988). In that case the federal habeas petitioner's attorney at the jury trial, which resulted in his conviction, deliberately chose not to object to a police officer's testimony concerning another person's out-of-court statement explaining why that person had failed to select the petitioner at a lineup, Ibid, pp. 1130 through 1132. At the habeas corpus hearing, the trial attorney explained that he feared that if he had objected to the police officer's testimony the prosecutor would then call the other person as a witness at the trial to testify in person. If that witness personally appeared he might make an in-court identification of his client despite having failed to identify him at the lineup. The attorney chose instead to allow the hearsay statement into evidence and to attempt to discredit the maker through cross-examination of the police officer, Ibid.
The petitioner in Lovett v. Foltz, supra, claimed, among CT Page 6219-gg other things, at his habeas hearing that the failure of his trial attorney to object to the hearsay statement constituted ineffective assistance of counsel, Ibid, p. 1134. The U.S. District Court held that this tactical decision was consistent with the petitioner's alibi defense and that it was reasonable under the circumstances, Ibid, p. 1135; stating that such a "basic tactical decision . . . does not justify the granting of habeas relief," Ibid.
The case subjudice is similar in that the petitioner's trial counsel made the tactical decision not to object to the introduction of the child's out-of-court remark so that he could attack the statement by attacking the complainant and not the child, which tactic was consistent with his overall strategy in the case. Had the trial attorney pressed the objection successfully, he ran the risk that the child would personally detail the sexual contact before the jury or at least corroborate having made the statement to the complainant. This risk could be viewed as outweighing the chances that the child would be unable or unwilling to do so.
By employing this tactic, trial counsel was able to CT Page 6219-hh implement his trial strategy of pitting the petitioner's word against the complainant's in hopes of discrediting her because of her previous relationship with the petitioner. The fact that this strategy failed does not, per se, make it unsound. The court finds that the petitioner has failed to prove by a preponderance of the evidence that his trial counsel's representation fell below that of a reasonably competent attorney in the manner alleged, and, therefore, the petitioner has not satisfied the first component of the Strickland analysis.
 II
As to the second, or prejudice component, of the Strickland analysis, the petitioner must show that there exists a reasonable probability that, but for Attorney Suddaby's decision to decline to object to the out-of-court statement, the result of the proceeding would have been different, Levine v. Manson, 195 Conn. 636 (1985), p. 640. The petitioner's contention in this regard presumes that an objection to the introduction of the hearsay statement in CT Page 6219-ii question would have been sustained by the trial court, and the remark excluded. The court disagrees with this presumption.
The respondent has asserted that the child's remark was admissible under the spontaneous utterance exception to the hearsay exclusion rule. Then Judge, now Justice Borden, in his concurring opinion to the petitioner's appeal recognized that this exception arguably applied to the facts of this case, State v. Bruens, supra, p. 462; and that the prosecution was basing its offer of admissibility on this exception, Ibid.
Under the spontaneous utterance exception, an out-of-court statement is admissible if it: "(1) follows a startling occurrence, (2) relates to that occurrence, (3) is made by someone having an opportunity to observe the occurrence, and (4) is made under circumstances that indicate that it is a spontaneous utterance caused by the excitement of the declarant and that negate an opportunity for deliberation and fabrication" Tait and LaPlante's Handbook of CT Page 6219-jj Connecticut Evidence, Section 11.11.1, 2nd ed. 1988, p. 373. This hearsay exception applies in criminal cases, State v. Stange, 212 Conn. 612 (1989), p. 616.
At oral argument, the petitioner's habeas counsel contended that the evidence produced at the petitioner's jury trial failed to establish that the victim found the sexual contact incident "startling" or that she made the statement as a result of excitement. The court disagrees with this contention.
An examination of the trial transcript reveals testimony to the effect that, when the petitioner had his hand underneath the victim's shorts in her genital area, the victim was covering her face with her hands (Petitioner's Exhibit A-1, p. 25); that her mother shouted at the petitioner and grabbed the victim (Petitioner's Exhibit A-1, pp. 31 and 32); that the occurrence in question was the insertion of the petitioner's finger into the victim's vagina and anus (Petitioner's Exhibit A-1, p. 32); that the victim had "to soothe" the victim and "to calm her down a lot." CT Page 6219-kk (Petitioner's Exhibit A-1, p. 33); that the victim suffered nightmares and episodes of enuresis following the incident (Petitioner's Exhibit A-1, pp. 33 and 34); and that the victim slept by her mother's side rather than in her own bed the night of the incident (Petitioner's Exhibit A-1, p. 34).
A "startling occurrence" is one of such a nature as to produce nervous excitement in the declarant and render the declarant's utterances spontaneous and unreflecting, Perry v. Haritos, 100 Conn. 476 (1924), p. 484. Having a visitor insert his finger in the vagina and anus of a three and one-half year old child is likely to discomfit, embarrass, and disconcert that child. From the testimony recounted above, a trial judge would certainly be justified in regarding the incident as having startled, if not traumatized, the victim who apparently required the solace of her mother's embrace to calm her down. A trial judge has broad discretion in deciding whether an utterance is "spontaneous and made under circumstances which preclude contrivance." State v. Stange, supra, p. 617.
This court feels that the petitioner has failed to CT Page 6219-ll demonstrate that an objection to admission of this out-of-court statement would have been sustained, and concludes, to the contrary, that it is highly probable that such an objection would have been overruled. Consequently, the court finds that the petitioner's jury trial would have proceeded on exactly the same evidence as it did and that the outcome would have been the same. Therefore, the court concludes that the second component of the Strickland analysis is also unsatisfied in this case.
For the above reasons, the petition for habeas corpus relief is denied.
BY THE COURT, Samuel J. Sferrazza, J. Judge, Superior Court CT Page 6220