SAMUEL VEAL *v.* COMMISSIONER OF CORRECTION
(AC 18367)

O'Connell, C. J., and Foti and Landau, Js.

Argued May 3—officially released August 3, 1999

*David B. Rozwaski*, special public defender, for the appellant (petitioner).

*Denise B. Smoker*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *George Ferko*, assistant state's attorney, for the appellee (state).

PER CURIAM. The petitioner appeals from the dismissal of his habeas corpus petition. On appeal, the petitioner claims that the habeas court improperly (1) denied his petition for certification to appeal to this court and (2) dismissed his writ of habeas corpus. We affirm the denial of certification to appeal and dismiss the petitioner's appeal.

The following facts are necessary to the resolution of this appeal. The petitioner was convicted on June 11, 1984, following a jury trial, of murder in violation of General Statutes § 53a-54a. At the same time, the petitioner pleaded nollo contendere to a charge of assault in the second degree with a firearm in violation of General Statutes § 53a-60a (a). The conviction was affirmed by our Supreme Court on November 18, 1986. *State* v. *Veal*, 201 Conn. 368, 517 A.2d 615 (1986).

The denial of a prior writ of habeas corpus was affirmed by this court in *Veal* v. *Warden*, 28 Conn. App. 425, 611 A.2d 425, cert. denied, 224 Conn. 902, 615 A.2d 1046 (1992). The petitioner thereafter filed the present petition for a writ of habeas corpus, which the habeas court dismissed after a hearing. He then filed a request for certification to appeal to this court, which the habeas court also denied. This appeal followed.

The habeas court's dismissal of the petitioner's writ was predicated on a factual review of the petitioner's claim and a determination that the petitioner had failed to rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance . . . ." *Safford* v. *Warden*, 223 Conn. 180,

193, 612 A.2d 1161 (1992). The habeas court found that the issues that the petitioner would have had prior counsel raise were meritless and, therefore, his failure to raise those issues was not unreasonable.

"This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . In a case that is tried to the court . . . the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony." (Citations omitted; internal quotation marks omitted.) *Wieler* v. *Commissioner of Correction*, 47 Conn. App. 59, 61, 702 A.2d 1195, cert. denied, 243 Conn. 957, 704 A.2d 806 (1997).

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994).

After a thorough review of the record and briefs and consideration of the oral arguments, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal the dismissal of his habeas corpus petition was a clear abuse of discretion or that an injustice has been done. See id.; *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

Accordingly, we conclude that the habeas court did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.